**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**

**Case No.:**

JAMES LIM,

    **Plaintiff,**

                                          **COMPLAINT**

v.

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS
INC, TRANS UNION LLC and CAPITAL ONE,
NATIONAL ASSOCIATION,

                                     **DEMAND FOR JURY TRIAL**

    **Defendants.**
_____/

<u>**COMPLAINT**</u>

Plaintiff, James Lim ("Plaintiff"), by and through counsel, files this Complaint against Defendant Equifax Information Services LLC, ("Defendant Equifax" or "Equifax"), Defendant Experian Information Solutions Inc ("Defendant Experian" or "Experian"), Defendant Trans Union LLC ("Defendant Trans Union" and "Trans Union"), and Defendant Capital One, National Association, ("Defendant Capital One" or "Capital One"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.    Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## DEMAND FOR JURY TRIAL

3.       Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4.       Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

5.       Defendant Equifax is a Georgia Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC § 1681a(f).

6.       Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC § 1681a(f).

7.       Defendant Trans Union is a Delaware limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC § 1681a(f).

8.       Defendant Capital One, National Association is a financial institution whose headquarters is located at 1680 Capital One Drive, Mclean, Virginia 22102. Capital One is a "person" as defined by the FCRA, 15 USC § 1681a(b).

## <u>GENERAL ALLEGATIONS</u>

9.       This action involves derogatory and inaccurate reporting of alleged two charged off accounts (the "Accounts") by Capital One to the Credit Reporting Agencies, Equifax Information Services LLC, Experian Information Solutions Inc, and Trans Union LLC.

10.      The Capital One Account ending in *1729 is for a debt allegedly owed by Plaintiff to Capital One for a Saks Fifth Ave Credit Card.

11.    The Capital One Account ending in *8250 is for a debt allegedly owed by Plaintiff to Capital One for a line of credit.

12.    Plaintiff never opened either of the Accounts with Defendant Capital One.

13.    In fact, in November 2023, Plaintiff discovered three Capital One Accounts (the third was closed and removed from Plaintiff's credit reports after being identified as opened due to identity theft), two Bank of America Accounts (which have been removed from Plaintiff's credit reports), and an AT&T Utility Account (which was also removed from Plaintiff's credit reports) in November of 2023.

14.    Plaintiff filed an Identity Theft Police Report in November of 2023 and submitted disputes to Defendants requesting that Equifax, Experian, and Trans Union remove the fraudulent accounts from his reports.

15.    In or around November 2023, December 2023, January 2024, February 2024, and March 2024, Plaintiff submitted disputes to Defendant Equifax requesting that it remove the two Accounts from his Equifax report because the Accounts were fraudulent and Plaintiff does not owe the debts.

16.    In or around November 2023, December 2023, January 2024, February 2024, and March 2024, Defendant Equifax verified the Accounts as accurate despite receiving evidence from Plaintiff that the Accounts were fraudulent.

17.    In or around November 2023, December 2023, January 2024, February 2024, and March 2024, Plaintiff submitted disputes to Defendant Experian requesting that it remove the two Accounts from his Experian report because the Accounts were fraudulent and Plaintiff does not owe the debts.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

18.     In or around November 2023, December 2023, January 2024, February 2024, and March 2024, Defendant Experian verified the Accounts as accurate despite receiving evidence from Plaintiff that the Accounts were fraudulent.

19.     In or around December 2023 and February 2024, Plaintiff submitted disputes to Defendant Trans Union requesting that it remove the two Accounts from his Trans Union report because the Accounts were fraudulent and Plaintiff does not owe the debts.

20.     In or around January 2024 and February 2024, Defendant Trans Union verified the Accounts as accurate despite receiving evidence from Plaintiff that the Accounts were fraudulent.

21.     As of the filing of this complaint, Defendant Equifax, Defendant Experian, and Defendant Trans Union are still reporting the Accounts on Plaintiff's credit reports.

**COUNT 1**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Equifax)

22.     Plaintiff incorporates by reference paragraphs ¶¶ 1-21 of this Complaint.

23.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Accounts with Defendant Equifax and continues to include the same information concerning inaccurate and derogatory reporting of the Accounts with Defendant Equifax, a consumer reporting agency.

24.     In or around November 2023, Plaintiff checked his credit report and noticed that there were inaccurate reports from Defendant Equifax. Therefore, in or around November 2023, December 2023, January 2024, February 2024, and March 2024, Plaintiff disputed this inaccurate and derogatory information to Equifax.

25.     Defendant Capital One verified the Accounts. Despite Equifax having been put on notice of the fraudulent and inaccurate reporting, Equifax did not remove the Accounts from

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff's Equifax credit report.

26. As of the filing of this complaint, Defendant Capital One's derogatory and inaccurate information is still listed on Plaintiff's Equifax credit report.

27. Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

28. Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

29. Despite Defendant Equifax having received Plaintiff's disputes of the Accounts, Equifax continues to report the Accounts with an outstanding unpaid balance from Capital One.

30. Continuing to report the status of the Accounts in this fashion is significant.

31. By continuing to report the status of the Accounts in this fashion, lenders believe Plaintiff has had recent, major delinquencies negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

32. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

33. Equifax failed to conduct a reasonable investigation and reinvestigation.

34. Equifax failed to review and consider all relevant information submitted by Plaintiff.

35. Equifax failed to conduct an independent investigation and, instead, deferred to Capital One, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

36. Equifax possessed evidence that the information was inaccurate as described by

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff in the Dispute; however, Equifax failed to correct the information.

37.     Equifax's reporting of inaccurate information about the Accounts, which are the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

38.     Equifax did not conduct any independent investigation after it received Plaintiff's disputes and, instead, chose to parrot the information it received from Defendant Capital One despite being in possession of evidence that the information was inaccurate.

39.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

40.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

41.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

42.     Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

43.     Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

44.     Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised  by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that  Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information  that was found to be inaccurate, or could not be verified, or that the source of information had  advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

45.     The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

46.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

47.     The appearance of the accounts on Plaintiff's credit report, namely, the Accounts identified by Plaintiff in Plaintiff's disputes to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

48.     As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

49.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Equifax)

50.     Plaintiff incorporates by reference paragraphs ¶¶ 1-21 above of this Complaint.

51.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

52.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

53.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

54.     Additionally, Equifax negligently failed to report the Accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

55.     Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

56.     The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

57.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

58.     As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

59.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

60.     Plaintiff incorporates by reference paragraphs ¶¶ 1-21 of this Complaint.

61.     Defendant Experian prepared and issued consumer credit reports concerning

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff which previously included inaccurate and derogatory reporting of the Accounts with Defendant Experian and continues to include the same information concerning inaccurate and derogatory reporting of the Accounts with Defendant Experian, a consumer reporting agency.

62.    In or around November 2023, Plaintiff checked his credit report and noticed that there were inaccurate reports from Defendant Experian. Therefore, in or around November 2023, December 2023, January 2024, February 2024, and March 2024, Plaintiff disputed this inaccurate and derogatory information to Experian.

63.    Defendant Capital One verified the Accounts. Despite Experian having been put on notice of the fraudulent and inaccurate reporting, Experian did not remove the Accounts from Plaintiff's Experian credit report.

64.    As of the filing of this complaint, Defendant Capital One's derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

65.    Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

66.    Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

67.    Despite Defendant Experian having received Plaintiff's disputes of the Accounts, Experian continues to report the Accounts with an outstanding unpaid balance from Capital One.

68.    Continuing to report the status of the Accounts in this fashion is significant.

69.    By continuing to report the status of the Accounts in this fashion, lenders believe Plaintiff has had recent, major delinquencies negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

70.    Credit scoring algorithms take Plaintiff's account status into consideration when

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

71.     Experian failed to conduct a reasonable investigation and reinvestigation.

72.     Experian failed to review and consider all relevant information submitted by Plaintiff.

73.     Experian failed to conduct an independent investigation and, instead, deferred to Capital One, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

74.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

75.     Experian's reporting of inaccurate information about the Accounts, which are the subject of the Disputes, despite evidence that said information is inaccurate demonstrates Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

76.     Experian did not conduct any independent investigation after it received Plaintiff's disputes and, instead, chose to parrot the information it received from Defendant Capital One despite being in possession of evidence that the information was inaccurate.

77.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

78.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

79.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

credit files published and maintained concerning Plaintiff.

80.     Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

81.     Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

82.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

83.     The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

84.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

85.     The appearance of the accounts on Plaintiff's credit report, namely, the Accounts identified by Plaintiff in Plaintiff's disputes to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

86.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

87.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

88.     Plaintiff incorporates by reference paragraphs ¶¶ 1-21 above of this Complaint.

89.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

90.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information submitted by Plaintiff with respect to the disputed Information.

91.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

92.     Additionally, Experian negligently failed to report the Accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

93.     Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

94.     The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

95.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

96.     As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

97.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

98.     Plaintiff incorporates by reference paragraphs ¶¶ 1-21 of this Complaint.

99.     Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Accounts with Defendant Trans Union and continues to include the same information concerning inaccurate and derogatory reporting of the Accounts with Defendant Trans Union, a consumer reporting agency.

100.    In or around November 2023, Plaintiff checked his credit report and noticed that there were inaccurate reports from Defendant Trans Union. Therefore, in or around December 2023 and February 2024, Plaintiff disputed this inaccurate and derogatory information to Trans Union.

101.    Defendant Capital One verified the Accounts. Despite Trans Union having been put on notice of the fraudulent and inaccurate reporting, Trans Union did not remove the Accounts from Plaintiff's Trans Union credit report.

102.    As of the filing of this complaint, Defendant Capital One's derogatory and inaccurate information is still listed on Plaintiff's Trans Union credit report.

103.    Trans Union is engaged in the business of credit reporting and is commonly referred

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

104.    Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

105.    Despite Defendant Trans Union having received Plaintiff's disputes of the Accounts, Trans Union continues to report the Accounts with an outstanding unpaid balance from Capital One.

106.    Continuing to report the status of the Accounts in this fashion is significant.

107.    By continuing to report the status of the Accounts in this fashion, lenders believe Plaintiff has had recent, major delinquencies negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

108.    Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

109.    Trans Union failed to conduct a reasonable investigation and reinvestigation.

110.    Trans Union failed to review and consider all relevant information submitted by Plaintiff.

111.    Trans Union failed to conduct an independent investigation and, instead, deferred to Capital One, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

112.    Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Trans Union failed to correct the information.

113.    Trans Union's reporting of inaccurate information about the Accounts, which are the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Trans

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

114.    Trans Union did not conduct any independent investigation after it received Plaintiff's disputes and, instead, chose to parrot the information it received from Defendant Capital One despite being in possession of evidence that the information was inaccurate.

115.    Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

116.    Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

117.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

118.    Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

119.    Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

120.    Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

121.    The conduct, action and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

122.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

123.    The appearance of the accounts on Plaintiff's credit report, namely, the Accounts identified by Plaintiff in Plaintiff's disputes to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

124.    As a result of the conduct, action, and inaction, of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

125.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**COUNT 6**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Trans Union)

126.    Plaintiff incorporates by reference paragraphs ¶¶ 1-21 above of this Complaint.

127.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

128.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

129.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

130.    Additionally, Trans Union negligently failed to report the Accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

131.    Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Trans Union had notice was inaccurate; [e] the

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

132.    The conduct, action, and inaction, of Trans Union was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

133.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

134.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

135.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 7
## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
### (Against Defendant Capital One)

136.    Plaintiff incorporates the allegations regarding the Accounts and Defendant Capital One in paragraphs ¶¶ 1-21 and by reference of this Complaint.

137.    Defendant Capital One is a financial institution.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

138.     In or about November 2023, Plaintiff checked his credit reports and noticed that there was an inaccurate and fraudulent reporting from Defendant Capital One.

139.     In or about November 2023, December 2023, January 2024, February 2024, and March 2024, Plaintiff submitted disputes of the erroneous and derogatory information reported to Defendants Equifax, Experian, and Trans Union by Defendant Capital One.

140.     In response to the Disputes, Defendants Equifax, Experian, and Trans Union promptly and properly gave notice to Defendant Capital One of the Disputes in accordance with the FCRA.

141.     As of the filing of this complaint, the debts have continued to be verified by Defendant Capital One.

142.     Defendant Capital One is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

143.     On a date better known by Defendant Capital One, Defendants Equifax, Experian, and Trans Union promptly and properly gave notice to Defendant Capital One of Plaintiff's Disputes in accordance with the FCRA.

144.     In response to the notices received from Defendants Equifax, Experian, and Trans Union regarding Plaintiff's Disputes, Defendant Capital One did not and otherwise failed to conduct a reasonable investigation into the Accounts which are the subject of the Disputes.

145.     In response to receiving notice from Defendants Equifax, Experian, and Trans Union regarding Plaintiff's Disputes, Defendant Capital One failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendants Equifax, Experian, and Trans Union could not otherwise verify.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

146.   Instead of conducting a reasonable investigation, Defendant Capital One erroneously validated the Accounts and continued to report inaccurate and fraudulent information to Defendants Equifax, Experian, and Trans Union.

147.   On at least one occasion within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

148.   On at least one occasion within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies, Equifax and Trans Union.

149.   On at least one occasion within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendants Equifax, Experian, and Trans Union about the inaccurate information.

150.   Upon information and belief, Defendant Capital One was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Disputes.

151.   Defendant Capital One's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

152.   As a direct and proximate result of Defendant Capital One's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

153.     Defendant Capital One's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

154.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Capital One, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 8**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Capital One)

155.     Plaintiff incorporates the allegations regarding the Accounts and Defendant Capital One in paragraphs ¶¶ 1-21 by reference of this Complaint.

156.     On at least one occasion within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

157.     On one or more occasions within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

158.     On one or more occasions within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

159.     When Defendant Capital One received notice of Plaintiff's disputes from Defendants Equifax, Experian, and Trans Union, Defendant Capital One could and should have

reviewed its own systems and previous communications with Plaintiff as part of its investigation.

160.    Defendant Capital One would have discovered that the information it was reporting about Plaintiff was inaccurate and the Accounts were fraudulent if Defendant Capital One had reviewed its own systems and previous communications with the Plaintiff.

161.    Defendant Capital One's investigation was per se deficient by reason of these failures in Defendant Capital One's investigation of Plaintiff's Dispute.

162.    As a direct and proximate result of Defendant Capital One's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

163.    Defendant Capital One's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

164.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Capital One awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: May 10, 2024

Respectfully Submitted,

 /s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:    jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com